

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

JUDGE JOHN T. COPENHAVEN J.R.     DISTRICT JUDGE

JENNIFER RADA HERRALD     U.S. DISTRICT ATTORNEY

RHETT JOHNSON     POLICY DEFENDANT ATTORNEY

JOHN MARSHALL UNDERWOOD     14564-088

*(Enter above the full name of the plaintiff*     *(Inmate Reg. # of each Plaintiff)*
*or plaintiffs in this action).*

2:20-cv-00727

**VERSUS**     **CIVIL ACTION NO.**_____

    *(Number to be assigned by Court)*

HOMELAND SECURITY OFFICER BRIAN MORRIS

W.V. STATE POLICE TRIVIA DIVITA, SERGEANT

C.I. KRISTINA N. SHELDON

CORPORAL JESSI REDDEN CHARLESTON POLICE DEP.

*(Enter above the full name of the defendant*
*or defendants in this action)*

## COMPLAINT

I. **Previous Lawsuits**

    A.    Have you begun other lawsuits in state or federal court dealing with the same
        facts involved in this action or otherwise relating to your imprisonment?

          Yes _____       No __✓___

1

B.   If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

    1.   Parties to this previous lawsuit:

        Plaintiffs:   _____

                        _____

                        _____

        Defendants:   _____

                        _____

                        _____

    2.   Court (if federal court, name the district; if state court, name the county);

        _____

_____

    3.   Docket Number:   _____

    4.   Name of judge to whom case was assigned:

        _____

    5.   Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?

        _____

_____

    6.   Approximate date of filing lawsuit:   _____

    7.   Approximate date of disposition:   _____

II.    **Place of Present Confinement:** *ASHLAND FEDERAL CORRECTIONAL INSTITUTION*

    A.    Is there a prisoner grievance procedure in this institution?

        Yes _____      No __✓__

    B.    Did you present the facts relating to your complaint in the state prisoner grievance procedure?

        Yes _____      No __✓__

    C.    If you answer is YES:

        1.    What steps did you take? _____

                _____

        2.    What was the result? _____

                _____

    D.    If your answer is NO, explain why not: _____

                _____

III.    **Parties**

    (In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank.  Do the same for additional plaintiffs, if any.)

    A.    Name of Plaintiff: *JOHN M. UNDERWOOD J.R.*

        Address: *P.O. BOX 6001*

    B.    Additional Plaintiff(s) and Address(es): *ASHLAND FEDERAL CORRECTIONAL INSTITUTION, P.O. BOX 6001, ASHLAND, KY 41105-6001*

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank.  Use item D for the names, positions, and places of employment of any additional defendants.)

C.   Defendant:   _John Marshall Underwood_

is employed as:   _Education Deptartment Library Support Clerk_

at   _Ashland KY, Federal Correctional Institution_

D.   Additional defendants:   _C.I. Kristina N. Sheldon_

_____

_____

_____

## IV.   Statement of Claim

State here as briefly as possible the <u>facts</u> of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

Under the terms of the Prison litigation Reform Act 28 usc 1915,

my case falls of a scam by Magistrate Judge Dwane L. Tinsley,

who initialed the apperance and preliminary hearing and testimony;

also, United States District Attorney, Jennifer Rada Herrald.

The Government was represented by special Agent Brian Morris of

Homeland security, The criminal complaint warrant violates

my Constitutional Rights with prejudice fundamental unfairness.

(Continuation of Para IV on attached sheets, numbered 4-2

through 4-4).

ON JANUARY 11, 2017 A CRIMINAL COMPLAINT WAS FILED AGAINST ME, THE DEFENDANT, JOHN UNDERWOOD. THE CRIMINAL COMPLAINT, SERVED ON DECEMBER 14, 2016 THROUGH JANUARY 3, 2017, ON THE OFFENSE OF ATTEMPTED USE OF A FACILITY OF INTERSTATE COMMERCE TO ENTICE A MINOR TO ENGAGE IN COMMERCIAL SEX OR CRIMINAL SEXUAL ACTIVITY IN VIOLATION OF 18 USC 2422-b, AN ARREST WARRANT WAS ISSUED ON JANUARY 11, 2017. THE CRIMINAL COMPLAINT AND ARREST WARRANT WERE SEALED PENDING ARREST.

UNDER THE UNITED STATES CONSTITUTIONAL AMMENDMENTS I THE DEFENDANT HAVE BEEN DEPRIVED OF LIFE, LIBERTY AND PROPERTY WITHOUT DUE PROCESS OF LAW AND OF CRUEL AND UNUSUAL PUNISHMENTS. I HAVE ALSO BEEN DENIED WITHOUT JURISDICTION THE EQUAL PROTECTION OF THE LAW. THE FOURTH, FIFTH, EIGTH, AND FOURTEENTH AMENDMENTS HAVE BEEN VIOLATED BY THE CONSTITUTIONAL OF LAW. THE 1983 COMPLAINT APPLICATION UPHOLDS THE CONSTITUTIONAL RIGHTS OF A PRISONER UNDER THE CIVIL RIGHTS ACT 42 USC 1983. AS SUCH,

(a) TO THE EXTENT THAT THE PARTIES DISAGREE ABOUT ANY FACTS RELEVANT TO SENTENCING, THE STIPULATION SHALL IDENTIFY THE FACTS THAT ARE IN DISPUTE.

(b) A DISTRICT COURT MAY, BY LOCAL RULE, IDENTIFY CATEGORIES OF CASES FOR WHICH THE PARTIES ARE AUTHORIZED TO MAKE THE REQUIRED STIPULATION ORALLY, ON THE RECORD, AT THE TIME THE PLEA AGREEMENT IS OFFERED.

(c) THE COURT IS NOT BOUND BY THE STIPULATION, BUT MAY WITH THE AID OF THE PRESENTENCE REPORT, DETERMINE THE FACTS RELEVANT TO SENTENCING.

RULE 11(e)(2) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE REQUIRE "DISCLOSURE OF THE PLEA AGREEMENT" TO THE DISTRICT COURT AT THE TIME THE GUILTY PLEA IS TAKEN. THIS RULE IS PROPERLY READ TO MEAN THAT ALL "MATERIAL TERMS" OR "MATERIAL DETAILS" OR "ELEMENTS" OF

THE AGREEMENT MUST BE DISCLOSED. THE PURPOSE OF THIS REQUIREMENT (DISCLOSURE WITH SPECIFICITY) IS TO ENABLE THE DISTRICT COURT TO PROVE A DEFENDANT'S UNDERSTANDING OF THE CONSEQUENCES OF HIS PLEA BARGAIN AND THE VOLUNTARINESS OF ENTERING IT. SEE UNITED STATES V. DANIELS, 821 F.2d 76, 80 (1st CIR. 1987) AND UNITED STATES V. BLACKNER, 721 F.2 703, 708 (10TH CIR. 1983). THERE CANNOT BE AN ENTRY OF A PLEA WITH SPECIFICITY WITHOUT A COMPLETE UNDERSTANDING OF THE IMPACT OF THE PSI AND ITS CONTENT.

UNITED STATES SENTENCING GUIDELINE 6B1.4 STIPULATES THAT WITH RESPECT TO RELEVANT POLICY, THAT PLEA AGREEMENTS ACCOMPANIED BY WRITTEN STIPULATIONS OF FACT, RELEVANT TO SENTENCING, SET FORTH THE RELEVANT FACTS AND CIRCUMSTANCES OF THE ACTUAL OFFENSE CONDUCT, NOT CONTAIN MISLEADING FACTS, AND SETS FORTH WITH MEANINGFUL SPECIFICITY WHY THE SENTENCING RANGE FROM THE PROPOSED AGREEMENT IS APPROPRIATE. THE PURPOSE OF THIS SENTENCING COMMISSION POLICY STATEMENT IS TO PROVIDE A DEFENDANT WITH RELIABLE INFORMATION UPON WHICH TO MAKE AN INFORMED PLEA AND UNDERSTAND THE SENTENCING CONSEQUENCES. ADDITIONALLY, THE COMMISSION HAS ADOPTED A POLICY TO FURTHER PROMOTE THE SENTENCING REFORM ACT GOAL OF "TRUTH IN SENTENCING" BY ARTICULATING THE FACTORS RELEVANT TO THE DEVELOPMENT OF A DEFENDANT'S PARTICULAR SENTENCING GUIDELINE RANGE BY STATING, "THE COMMISSION ENCOURAGES THE PROSECUTING ATTORNEY, PRIOR TO THE ENTRY OF A PLEA OF GUILTY OR NOLO CONTENDERE UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, TO DISCLOSE THE DEFENDANT THE FACTS AND CIRCUMSTANCES OF THE OFFENSE AND OFFENDER CHARACTERISTICS THEN KNOWN TO THE PROSECUTING ATTORNEY, THAT ARE RELEVANT TO THE APPLICATION OF THE SENTENCING GUIDELINES." SEE U.S.S.G. 6B1.2, COMMENTARY, RULE 11(e)(2) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE REQUIRES "DISCLOSURE OF THE PLEA AGREEMENT" TO THE DISTRICT COURT AT THE TIME THE GUILTY PLEA IS TAKEN.

4-3

THE SPECIFICITY OF DISCLOSURE IS SIGNIFICANT TO ENABLE
THE DISTRICT COURT TO PROBE THE DEFENDANT'S UNDERSTANDING
OF THE CONSEQUENCES OF HIS BARGAIN, AND THE VOLUNTARINESS
OF HIS ENTERING IT. SEE UNITED STATES v. DANIELS, 821 F. 2d 76, 80
(1st CIR. 1987) AND UNITED STATES v. BLACKNER, 721 F. 2d 703, 708
(10TH CIR. 1983). ALSO SEE SANTOBELLO v. NEW YORK, 404 U.S. 257
(1971); UNITED STATES v. FISCH, 863 F. 2d 690 (9TH CIR. 1988).


NONE OF THE ABOVE REQUIRED RULES, POLICIES AND CONDITIONS NECESSARY FOR
THE CONCURRENCE OF I, THE DEFENDANT, JOHN MARSHALL UNDERWORD,
WERE ENUMERATED TO ME BY COUNSEL NOR THE COURTS IN REGARDS
TO WHAT TRANSPIRED IN THE EXECUTION OF MY PLEA. THE TRUE FACTS
ARE I WAS THREATEN AND FORCED INTO A PLEA AGREEMENT THAT
WAS NOT IN THE LEAST PROPERLY PRESENTED WITH EXPLAINED
CONSEQUENCES IN ACCORDING WITH THE FEDERAL LAWS, PROCEDURES
AND PROVISION I HAVE THOROUGHLY QUOTED ABOVE. AT THE
CONDUCTS OF FORMULATION AND PRESENTATION OF MY PLEA
I HAD NO UNDERSTANDING OF THE EIGHTH AMENDMENT
AND THE FOURTEENTH AMENDMENT. IN ADDITION, I, THE
DEFENDANT, JOHN MARSHALL UNDERWOOD, WAS DEPRIVED BY
THE GOVERNMENT AND THE COURT WITHOUT OPPORTUNITY
TO HOLD ARGUMENT ON MY UNJUST CONVICTION AND WRONGFUL
IMPRISONMENT TO A CHARGE THAT WAS FRIVOLOUS, SELF-
INCRIMINATING AND ILLEGAL. I WAS THREATEN AND FORCED TO
A PLEA AGREEMENT WITH ANY UNDERSTANDING OF THE EIGHTH AND
FOURTEENTH AMENDMENTS.

SIGNATURE _____

DATE   10-28-2020
_____

4-4

IV.    Statement of Claim (continued):

SUPPORTED BY THE ABOVE, I, JOHN MARSHALL UNDERWOOD, CLAIM THAT MY

SENTENCING JUDGE AND THE    PROSECUTORS, IDENTIFIED BY NAME ON

FRONT PAGE 1, THROUGHOUT INVESTIGATION, ARREST, PLEA CONDUCT, AND

PROSECUTORIAL COURT PROCEEDINGS, UNTIL SENTENCING PERFORMED

AND ACTED IN MISCONDUCT, NEGLECT, CORRUPTION, AND EXTORTION

WITHIN THE APPARENT AIR OF RACIAL DISCRIMINATION, THEIR

PERFORMANCE AND CONDUCT DID NOT ESTABLISH PREPONDERANCE

OF THE EVIDENCE, [THIS CONCLUDING PART IV STATEMENT

CONTINUES ON INSERTED PAGE 5-2] ...

V.    Relief

   State briefly exactly what you want the court to do for you.  Make no legal arguments.
   Cite no cases or statutes.

FIRST, I REQUEST "A MOTION OF DISCOVERY" ON MY STATE CHARGE

WHICH WAS SEALED THROUGHOUT THE CONDUCT AND PROCEEDINGS OF

MY PLEA AGREEMENT; MY FEDERAL PLEA PROCESS SHOULD HAVE

INCLUDED "A PRIORI" THIS AS A TESTIMONIAL FACT.

SECOND, THE COURT MUST PROVIDE AND PROVE "THE EXHIBITS

ON THE INDICTMENT DATES," THESE DATES ARE IN ERROR.

THIRD, THE COURT REVIEW AND PRESENT "THE ERR FINDING

STATEMENT OF MY CODEFENDANT C.I. KRISTINA N.

SHELDON," [CONTINUES, TOP OF PAGE 6]

[PART IV, "STATEMENT OF CLAIMS," CONCLUDING STATEMENT, CONTINUES:]

, NOR THE ENFORCEABLE RIGHT AGAINST THE UNITED STATES ON ITS OWN
UNDER THE 1983 USC "TUCKER ACT," AS WELL AS, THE JURISDICTIONAL
STATUE, U.S. v. MITCHELL (463-U.S.-AT-216). ALSO EVIDENT IS THE
IMPROPER VOUCHING CREDIBILITY STATEMENT BY THE INFORMANT,
AND THE BREACHED PLEA AGREEMENT; ALL THESE ARE UNCONSTITUTIONAL
UNDER THE JURISDICTION OF FEDERAL LAWS, AS PROVIDED
THROUGHOUT THIS PART IV ABOVE. C.I. KRISTINA N. SHELDON
AND U.S. DISTRICT ATTORNEY JENNIFER RADA HERRALD CARRIED
OUT "IMPROBITY" BEFORE THE COURT, A NOTICEABLE MISCONDUCT
AND BREACH OF FAITH BY THE COURT TO ITS CITIZENRY.

**V.     Relief (continued)):**

*AS EXECUTED UNDER FALSE CONDUCT TO EXONERATE HER GUILT IN CRIME,*

*IN ORDER TO PRECLUDE HER BEING INCARCERATED, DOING TIME, SAVING*

*"HER ON SKIN," YET, SHE REMAINS DEVOID OF INNOCENCE.*

*FOURTH, A "MOTION LEAVE TO PROCEED IN FORMA PAUPERIS,"*

*APPLYING SECTION 2513-A-1, "GROUND OF INNOCENCE OF*
*UNJUST CONVICTION," [CONTINUES ON PAGE 6-2, INSERTED]*

**VII.    Counsel**

    A.    If someone other than a lawyer is assisting you in preparing this case, state the person's name:

        *NO*

    B.    Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

        Yes _____     No ✓

    If so, state the name(s) and address(es) of each lawyer contacted:

    If not, state your reasons: *LACK OF FINANCIAL RESOURCES;*

    *PLUS, THIS DOCUMENT PRESENTS AND STANDS ON*
    *LEGAL AND AUTHORITATIVE GROUNDS.*

    C.    Have you previously had a lawyer representing you in a civil action in this court?

        Yes _____     No ✓

PARA. I. RELIEF (CONTINUED):

FINAL, I REQUEST THE COURT TO RELATE AND SHOW CONTENTION FOR LESSER TERM OF IMPRISONMENT WITH MY GUILTY PLEA SENTENCING REVERSED AND SET ASIDE. THE COURT THEN ESTABLISHES GROUNDS OF WRONGFUL IMPRISONMENT. THE MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS SHOULD BE GRANTED AND TRANSFERRED TO UNDERSIGNED JUDGE, PURSUANT RULE 40.1-C.

6-2

Federal Correctional Institute (Ashland Low)
P.O. Box 6001
Ashland, KY 41105-6001

Charleston P&DC 253
MON 02 NOV 2020 PM



Office of the Clerk
United States District Court
300 Virginia street
Suite 2400
Charleston, W.V. 25301

LEGAL MAIL

LEGAL MAIL

RECEIVED

NOV - 4 2020

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia



7076 9691 2000 0360 4889

CERTIFIED MAIL