IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**JOHN MARSHALL UNDERWOOD,**

    **Plaintiff,**

**v.**

    **Civil Action No.: 2:20-CV-727**
    **(GROH By Special Assignment)**

**JUDGE JOHN T. COPENHAVER, JR.,**
**District Judge,**
**JENNIFER RADA HERRALD,**
**U.S. District Attorney,**
**RHETT JOHNSON,**
**Policy Defendant Attorney,**
**BRIAN MORRIS,**
**Homeland Security Officer,**
**SERGEANT TRIVIA DIVITA,**
**W.V. State Police,**
**C.I. KRISTINA N. SHELDON,**
**CORPORAL JESSI REDDEN,**
**Charleston Police Dep.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On November 2, 2020, the *pro se* Plaintiff, filed the above-styled action pursuant to 42 U.S.C. § 1983, which authorizes suits against state employees in their individual capacities. ECF No. 2.[1]

---

[1] All ECF number cited herein are in 2:20-CV-727, unless otherwise noted.

## II.  FACTUAL AND PROCEDURAL HISTORY

Although Plaintiff's complaint verges on being unintelligible, it appears to assert the following claims for relief: (1) that Plaintiff has "been deprived of life, liberty and property without due process of law" [ECF No. 2 at 5]; (2) that Plaintiff has been subjected to cruel and unusual punishment [Id.]; (3) that Plaintiff's Constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments have been violated [Id.]; (4) that he received ineffective assistance of counsel who failed to advise Plaintiff of his rights prior to entering a guilty plea [Id. at 6 – 7]; and (5) that Plaintiff was "threaten[ed] and forced to [enter] a plea agreement with [sic] any understanding of the Eighth and Fourteenth Amendments."  Id. at 7.  As a result of the complained of conduct, Plaintiff claims to have suffered "unjust conviction and wrongful imprisonment to a charge that was frivolous, self-incriminating and illegal."  Id. at 7.

In his request for relief, Plaintiff asks that: (1) the Court grant "a motion of discovery" in his state case, which he alleges is sealed [ECF No. 2 at 8]; (2) "the Court must provide and prove 'the exhibits on the indictment dates,' these dates are in error" [Id.]; (3) "the Court review and present 'the err finding statement of my codefendant C.I. Kristina N. Sheldon . . . . yet, she remains devoid of innocence" [Id. at 8, 10]; (4) "a 'motion leave to proceed in forma pauperis,' applying section 2513-A-1, 'ground of innocence of unjust conviction.'" [Id. at 10]; and (5) "to relate and show contention for lesser term of imprisonment with my guilty plea sentencing reversed and set aside. The Court then establishes grounds of wrongful imprisonment." [Id. at 11].  Plaintiff does not request a monetary amount of damages or allege a physical injury.

### III. LEGAL STANDARD

Because plaintiff is a prisoner seeking redress from the Government, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

### A. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless." Id.

### B. § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

### IV. ANALYSIS

A review of the complaint conducted pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff does not make a plausible claim in his complaint based on any cognizable legal authority and fails to present a claim upon which relief can be granted.

A § 1983 cause of action cannot be brought against an individual actor who is not a state employee or agent, and specific allegations must be brought against each named actor. As the Supreme Court recognized in Gomez, only two things must be alleged in a § 1983 action, however, Plaintiff failed to assert either of those requirements. Plaintiff failed to allege that some person deprived him of a federal right. Further, Plaintiff failed to allege that the person who deprived him of that right acted under color of state or territorial law.

Despite claiming that his Constitutional rights were violated, Plaintiff does not make any allegations of specific actions taken by any named defendant which violated his rights. In a § 1983 case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'"). Although Plaintiff named seven people as defendants, he failed to specifically allege any conduct of the defendants which he purports violated his rights.

Further, even if Plaintiff had alleged that any of the named defendants had violated his rights, to succeed in a § 1983 action Plaintiff is also required to allege that those defendants are state employees or agents. Although Plaintiff named as defendants two individuals who are employed in state law enforcement, he failed to make any such allegations regarding the other five defendants. As to the two defendants identified as law enforcement officers at the "W.V. State Police" and

"Charleston Police Dep.", Plaintiff did not allege that either Defendant took any action which violated his rights. Further, Plaintiff failed to allege that he suffered any physical injury as a result of the alleged actions of Defendants.

Further, Plaintiff seeks relief which is unavailable or improper under § 1983, in that he has failed to assert a cognizable cause of action as to any claim against Defendants by failing to allege that any Defendant violated his federal rights, and that the Defendant was a State actor at the time of the alleged violation. Although Plaintiff requests the Court take various actions to provide him with records and release from custody, Plaintiff does not seek any monetary damages. ECF No. 2 at 8 – 10.

Because "only those questions which are squarely presented to a court may properly be addressed," this Court may not construct Plaintiff's arguments for him. Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990). Even when liberally construing Plaintiff's allegations, he fails to assert any claims that the named Defendants subjected, or caused him to be subjected, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted pursuant to § 1983, this Court recommends that this matter be dismissed without prejudice.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Complaint [ECF No. 2] be **DISMISSED WITHOUT PREJUDICE**, based on Plaintiff's failure to state a claim upon which relief can be granted.

**Within fourteen (14) days** after being served with a copy of this

Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge, Northern District of West Virginia, sitting by special assignment. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to all counsel of record, as applicable.

DATED: September 30, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

7